# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>RAYMAR LUCENA-RIVERA [1],<br>EDGARDO TORRES-VAZQUEZ [2],<br>HAROLD ROLON DARLEY-PEREZ [3],<br>DERLY KATHERINE ZAPATA-BERMUDEZ [4],<br>JAVIER BRITO-CONTRERAS [5]<br><br>Defendants. | CRIMINAL NO. 11 - 328 (JAF)<br><br>VIOLATIONS:<br>Title 21, United States Code, Section 846 and 841(a)(1) and 841(b)(1)(A)(ii)<br><br>Title 18, United States Code, Section 1956(h) and 1956(a)(1)(A)(i)<br><br>Title 18, United States Code, Section 1956(a)(1)(A)(i)<br><br>NINE COUNTS &<br>FORFEITURE ALLEGATIONS |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE

**Conspiracy to Possess With Intent to Distribute Controlled Substances
(Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A)(ii))**

From in or about 2008, and continuing through in or about August, 2011, in the District of

Puerto Rico and elsewhere within the jurisdiction of this Court,

**RAYMAR LUCENA-RIVERA [1]**

the defendant herein, did knowingly and intentionally combine, conspire, and agree with diverse

other persons, known and unknown to the Grand Jury to commit an offense against the United

States, that is: a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii),

namely, possession with intent to distribute five **(5) kilograms** or more of a mixture or substance

containing a detectable amount of **cocaine**, a Schedule II, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A)(ii).

## COUNT TWO

**Attempted Possession With Intent to Distribute Controlled Substances**
**(Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A)(ii))**

In or about August, 2011, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### RAYMAR LUCENA-RIVERA [1]

the defendant herein, did knowingly and intentionally attempt to possess with intent to distribute five **(5) kilograms** or more of a mixture or substance containing a detectable amount of **cocaine**, a Schedule II, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section 846 and 841(a)(1) and (b)(1)(A)(ii).

## COUNT THREE

**Conspiracy to Launder Monetary Instruments**
**(Title 18, United States Code, Section 1956 (h))**

From in or about 2008, and continuing through in or about August, 2011, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### RAYMAR LUCENA-RIVERA [1]
### EDGARDO TORRES-VAZQUEZ [2],
### HAROLD ROLON DARLEY-PEREZ [3],
### DERLY KATHERINE ZAPATA-BERMUDEZ [4],
### JAVIER BRITO-CONTRERAS [5]

the defendant herein, did knowingly combine, conspire, and agree with diverse other persons, known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct a financial

transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of specified unlawful activity, that is the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his associates would accomplish and further the objects of the conspiracy, among others, included the following:

a.      It was part of the manner and means of the conspiracy that **RAYMAR LUCENA-RIVERA [1]** and his associates would smuggle, import, offload, purchase, transport, distribute, conceal, and invest in large quantities of controlled substances, including cocaine;

b.      It was part of the manner and means of the conspiracy that **RAYMAR LUCENA-RIVERA [1]** and his associates would reap profits from the sale of these controlled substances;

c.      It was part of the manner and means of the conspiracy that **RAYMAR LUCENA-RIVERA [1]** and his associates would invest these profits in additional drug trafficking activities;

d.      It was part of the manner and means of the conspiracy that **RAYMAR LUCENA-RIVERA [1]** and his associates would launder these profits in an effort to legitimize the drug proceeds, reap additional profits, and further the conspiracy;

e.      It was part of the manner and means of the conspiracy that **RAYMAR LUCENA-RIVERA [1]** and his associates would travel, and use facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on and further the conspiracy;

f.      It was part of the manner and means of the conspiracy that **RAYMAR LUCENA-RIVERA [1]** and his associates would promote the unlawful drug trafficking and related money laundering activity by conducting financial transactions;

g.      It was part of the manner and means of the conspiracy that **RAYMAR LUCENA-RIVERA [1]** and his associates would conceal and disguise the nature, location, source, ownership and control of the illegal proceeds obtained from drug trafficking;

h.      It was part of the manner and means of the conspiracy that **RAYMAR LUCENA-RIVERA [1]** and his associates would acquire real estate and other valuable assets with the proceeds of drug trafficking income;

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

It is alleged, that in order to further the conspiracy, among others, the following overt acts were committed:

1.      On or about May 28, 2010, **RAYMAR LUCENA-RIVERA [1]** delivered $1,375,039.00 USD to a person known to the Grand Jury at the parking lot of K-Mart in Plaza Las Americas with instructions to provide **RAYMAR LUCENA-RIVERA [1]** with a check in the name

of LUCMAR SOLUTIONS Corp. for the amount of $125,000.00 and deliver $1,088,00.00 USD to **RAYMAR LUCENA-RIVERA's** associates in the Dominican Republic.

2.      On or about May 28, 2010, a check in the name of LUCMAR SOLUTIONS Corp. for the amount of $125,000.00 was delivered to **RAYMAR LUCENA-RIVERA's** house in Cabo Rojo, Puerto Rico by a person known to the Grand Jury.

3.      On or about June 3, 2010, persons known to the Grand Jury delivered $1,088,00.00 USD to **RAYMAR LUCENA-RIVERA's** associate in the Dominican Republic.

4.      On or about September 2, 2010, a person known to the Grand Jury met with **RAYMAR LUCENA-RIVERA [1], EDGARDO TORRES-VAZQUEZ [2], HAROLD ROLON DARLEY-PEREZ [3],** and associates of **RAYMAR LUCENA-RIVERA**. The purpose of the meeting was to introduce a person known to the Grand Jury to **RAYMAR LUCENA-RIVERA's** associates.

5.      On or about September 29, 2010, **RAYMAR LUCENA-RIVERA [1]** delivered $2,390,960.00 USD to a person known to the Grand Jury at **RAYMAR LUCENA-RIVERA's** house in Cabo Rojo. **RAYMAR LUCENA-RIVERA** instructed the person known to the Grand Jury to provide **RAYMAR LUCENA-RIVERA** four (4) checks in the name of the following entities: Regency Park Association ($190,000.00), Palma Reales S.E. ($33,000.00), Banco Popular ($293,000.00), Joyuda Beach Resort (1,175,000.00); and to deliver an amount of US currency to **RAYMAR LUCENA-RIVERA's** associates abroad.

6.      On or about September 30, 2010, **RAYMAR LUCENA-RIVERA** delivered $465,200.00 USD to a person known to the Grand Jury at a parking lot in Plaza Las Americas with instructions to deliver it to **RAYMAR LUCENA-RIVERA's** associates abroad.

7.     On or about September 30, 2010, a person known to the Grand Jury delivered the following checks to **RAYMAR LUCENA-RIVERA**: Regency Park Association ($190,000.00), Palma Reales S.E. ($33,000.00), Banco Popular ($293,000.00), and Joyuda Beach Resort (1,175,000.00) .

8.     On or about October 12, 2010, persons known to the Grand Jury delivered $827,526.00 USD to **HAROLD ROLON DARLEY-PEREZ [3],** and another of **RAYMAR LUCENA-RIVERA's** associates in Panama.

9.     On or about November 23, 2010, **RAYMAR LUCENA-RIVERA [1]** delivered $896,304.00 USD to a person known to the Grand Jury in Cabo Rojo.

10.     On or about December 1, 2010, persons known to the Grand Jury delivered $800,000.00 USD to **DERLY KATHERINE ZAPATA-BERMUDEZ [4], JAVIER BRITO-CONTRERAS [5]** and another of **RAYMAR LUCENA-RIVERA's** associates in Panama.

11.     On or about December 29, 2010, a person known to the Grand Jury met with **RAYMAR LUCENA-RIVERA [1]** at a restaurant in Cabo Rojo

12.     On or about January 26, 2011, a person known to the Grand Jury met with **RAYMAR LUCENA-RIVERA [1]** and **EDGARDO TORRES-VAZQUEZ [2],** in Miami.

13.     On or about March 10, 2011, law enforcement officers seized $1,664,044.00 USD, a Herstal Belgium Pistol, a magazine and twenty (20) rounds of ammunition from **EDGARDO TORRES-VAZQUEZ [2],** while on his way to deliver the $1,664,044.00 USD, on behalf of **RAYMAR LUCENA-RIVERA [1],** to a person known to the Grand Jury.

14.     On or about August 25, 2011, **RAYMAR LUCENA-RIVERA [1]** coordinated with a person known to the Grand Jury for the transportation of $540,000.00 USD from Puerto Rico to

New York for the final payment of 200 kilograms of cocaine negotiated by **RAYMAR LUCENA-RIVERA [1]**.

15. On or about August 26, 2011, a person known to the Grand Jury retrieved a duffel bag with $540,000.00 USD from a white Ford Raptor vehicle to transport it from Puerto Rico to New York for the final payment of 200 kilograms of cocaine negotiated by **RAYMAR LUCENA-RIVERA [1]**.

All in violation of Title 18, United States Code, Sections 1956(h); 1956(a)(1)(A)(i).

## COUNT FOUR

**Laundering of Monetary Instruments**
**(Title 18, United States Code, Section 1956 (a)(1)(A)(i))**

On or about May 28, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### RAYMAR LUCENA-RIVERA [1]

the defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of $1,375,039.00 USD to a person known to the Grand Jury , which involved the proceeds of a specified unlawful activity, that is: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, and that while

conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT FIVE

### Laundering of Monetary Instruments
### (Title 18, United States Code, Section 1956 (a)(1)(A)(i))

In or about September 29, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### RAYMAR LUCENA-RIVERA [1]

the defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of $2,390,960.00 USD to a person known to the Grand Jury, which involved the proceeds of a specified unlawful activity, that is: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(I).

# COUNT SIX

## Laundering of Monetary Instruments
### (Title 18, United States Code, Section 1956 (a)(1)(A)(i))

In or about September 30, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### RAYMAR LUCENA-RIVERA [1]

the defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of $465,200.00 USD to a person known to the Grand Jury, which involved the proceeds of a specified unlawful activity, that is: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT SEVEN

**Laundering of Monetary Instruments**
**(Title 18, United States Code, Section 1956 (a)(1)(A)(i))**

In or about November 23, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### RAYMAR LUCENA-RIVERA [1]

the defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of $896,304.00 USD to a person known to the Grand Jury, which involved the proceeds of a specified unlawful activity, that is: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT EIGHT

**Laundering of Monetary Instruments**
**(Title 18, United States Code, Section 1956 (a)(1)(A)(i) and 2)**

On or about March 10, 2011, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**RAYMAR LUCENA-RIVERA [1]**
**EDGARDO TORRES-VAZQUEZ [2],**

the defendants herein, aiding and abetting each other, did knowingly attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of $1,664,044.00 USD to a person known to the Grand Jury, which involved the proceeds of a specified unlawful activity, that is: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 2.

# COUNT NINE

**Laundering of Monetary Instruments**
**(Title 18, United States Code, Section 1956 (a)(1)(A)(i))**

On or about August 26, 2011, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

## RAYMAR LUCENA-RIVERA [1]

the defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of $540,000.00 USD to a person known to the Grand Jury, which involved the proceeds of a specified unlawful activity, that is: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of specified unlawful activity, to wit: the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Sections 841(a)(1) and 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

# DRUG FORFEITURE ALLEGATION

## (Title 21, United States Code, Sections 853 & 881)

The allegations contained in Counts ONE and TWO of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Sections 853 and 881.

Upon conviction of the offense alleged in Count ONE and TWO of this Indictment, pursuant to Title 21, United States Code, Sections 853 and 881,

### RAYMAR LUCENA-RIVERA [1]

the defendant herein, shall forfeit to the United States the following property:

a.     All rights, title, and interests in any and all property involved in the offense in violation of Title 21, United States Code, 846, 841(a)(1) and 841(b)(1)(A)(ii); for which the defendant is convicted, and all property traceable to such property, including the following:

(1)     All monies and/or property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the offense;

(2)     Money Judgement against the defendant of, at least, ONE HUNDRED MILLION DOLLARS ($100,000,000.00), a sum of money representing the amount of proceeds obtained as a result of the offense;

(3)     All property used in any manner, or part, to commit or to facilitate the commission of the offense; including, but not limited to the following:

i) All that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in Mansiones de Cabo Rojo G-15, Cabo Rojo, Puerto Rico, more particularly described as



ii)    All that lot of parcel of land, together with its building, appurtenances, improvements, mixtures, attachments, and easements, located in Road 307, Bo. Guaniquilla, Cabo Rojo, Puerto Rico, more particulary described as:



iii)   All that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in Mansiones de Cabo Rojo C-35, Cabo Rojo, Puerto Rico, more particularly described as:



iv)       Ford Raptor F-150 plate 873-645

v)       Ford F-150 plate 861-337

vi)      Jeep Cherokee 2009  plate HND-885

vii)     Porsche Cayenne plate HUM-990


viii)    The following bank accounts in the name of  Raymar Lucena

| BANK | ACCOUNT NUMBER |
|------|----------------|
| FIRSTBANK PR | 6506000633 |


ix)      The following bank accounts in the name of RV Trucking Corp

| BANK | ACCOUNT NUMBER |
|------|----------------|
| BANCO POPULAR DE PR | 067282016 |
| BANCO SANTANDER PR | 3003075590 |
| BANCO SANTANDER PR | 7006509252 |
| CITIBANK NA | 308739205 |


x)       The following bank accounts in the name of Lucmar Solutions Inc.

| BANK | ACCOUNT NUMBER |
|------|----------------|
| BANCO SANTANDER PR | 3004218107 |


xi)     The following bank accounts in the name of  Raymar Lucena:

| BANK | ACCOUNT NUMBER |
|------|----------------|
| UBS | 1G 117676 DL |

b.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of the following properties, or any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

i)     3.4 acre lot located in Llanos Ward, Lajas, P.R.,
       Lot #2, with Road 101 on the east to the lot;

ii)    1,020.600 square feet located on Road 306,  Lot #2
       located in Llanos Ward in Lajas, PR

iii)   2002 GMC SIERRA K1500 GREEN
       VIN # 1GTEK14T02Z166608
       License Plate #: 698619

iv)    2004 HARLEY-DAVIDSON FLSTFI
       VIN # 1HD1BXB194Y035901
       License Plate #: 111104M

v)     2009 Viking Vessel, 50" with the name Lady Briana

vi)    2004 Seaswirl Pleasure Vessel named BRIANNA, vessel number
       1179855, measuring 29 feet

vii)    The following bank accounts in the name of Raymar Lucena:

| BANK | ACCOUNT NUMBER |
|------|----------------|
| FIRSTBANK PR | 3302107072 |
| BANCO POPULAR DE PR | 089046234 |
| BANCO POPULAR DE PR | 012011460 |

viii)    The following bank accounts in the name of RV Trucking Corp

| BANK | ACCOUNT NUMBER |
|------|----------------|
| CITIBANK NA | 397816626 |

ix)    The following bank accounts in the name of Lucmar Solutions Inc.

| BANK | ACCOUNT NUMBER |
|------|----------------|
| BANCO SANTANDER PR | 3004065343 |

All in accordance with Title 21 United States Code, Section 853, 881, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

# MONEY LAUNDERING
# FORFEITURE ALLEGATION

## (Title 18, United States Code, Section 982)

The allegations contained in Counts THREE to NINE of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982.

Upon conviction of the offense alleged in Counts THREE to NINE of this Indictment, pursuant to Title 18, United States Code, Section 982,

**RAYMAR LUCENA-RIVERA [1]**
**EDGARDO TORRES-VAZQUEZ [2],**
**HAROLD ROLON DARLEY-PEREZ [3],**
**DERLY KATHERINE ZAPATA-BERMUDEZ [4],**
**JAVIER BRITO-CONTRERAS [5]**

the defendant herein, shall forfeit to the United States the following property:

a.      All rights, title, and interests in any and all property involved in the offense in violation of Title 18 ,United States Code, 1956 (h) and 1956(a)(1)(A)(i); for which the defendant is convicted, and all property traceable to such property, including the following:

(1)      All monies and/or property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the offense;

(2)      Money Judgement against the defendant of, at least, ONE HUNDRED MILLION DOLLARS ($100,000,000.00), a sum of money representing the amount of proceeds obtained as a result of the offense;

(3)      All property used in any manner, or part, to commit or to facilitate the commission of the offense; including, but not limited to the following:

i)      All that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in Mansiones de Cabo Rojo G-15, Cabo Rojo, Puerto Rico, more particularly described as



ii)    All that lot of parcel of land, together with its building, appurtenances, improvements, mixtures, attachments, and easements, located in Road 307, Bo. Guaniquilla, Cabo Rojo, Puerto Rico, more particulary described as:



iii)     All that lot of parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in Mansiones de Cabo Rojo C-35, Cabo Rojo, Puerto Rico, more particularly described as



iv)    Ford Raptor F-150 plate 873-645

v)     Ford F-150 plate 861-337

vi)    Jeep Cherokee 2009  plate HND-885

vii)   Porsche Cayenne plate HUM-990

viii)  The following bank accounts in the name of  Raymar Lucena

| BANK | ACCOUNT NUMBER |
|------|----------------|
| FIRSTBANK PR | 6506000633 |

ix)    The following bank accounts in the name of RV Trucking Corp

| BANK | ACCOUNT NUMBER |
|------|----------------|
| BANCO POPULAR DE PR | 067282016 |
| BANCO SANTANDER PR | 3003075590 |
| BANCO SANTANDER PR | 7006509252 |
| CITIBANK NA | 308739205 |

x)     The following bank accounts in the name of Lucmar Solutions Inc.

| BANK | ACCOUNT NUMBER |
|------|----------------|
| BANCO SANTANDER PR | 3004218107 |

xi)    The following bank accounts in the name of  Raymar Lucena:

| BANK | ACCOUNT NUMBER |
|------|----------------|
| UBS | 1G 117676 DL |

b.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 21,United States Code, Section 982(b) to seek forfeiture of the following properties, or any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

i)     3.4 acre lot located in Llanos Ward, Lajas, P.R.,
       Lot #2, with Road 101 on the east to the lot;

ii)    1,020.600 square feet located on Road 306,  Lot #2
       located in Llanos Ward in Lajas, PR

iii)   2002 GMC SIERRA K1500 GREEN
       VIN # 1GTEK14T02Z166608
       License Plate #: 698619

iv)    2004 HARLEY-DAVIDSON FLSTFI
       VIN # 1HD1BXB194Y035901
       License Plate #: 111104M

v)     2009 Viking Vessel, 50" with the name Lady Briana

vi)    2004 Seaswirl Pleasure Vessel named BRIANNA, vessel number
       1179855, measuring 29 feet

vii) The following bank accounts in the name of Raymar Lucena:

| BANK | ACCOUNT NUMBER |
|------|----------------|
| FIRSTBANK PR | 3302107072 |
| BANCO POPULAR DE PR | 089046234 |
| BANCO POPULAR DE PR | 012011460 |

viii) The following bank accounts in the name of RV Trucking Corp

| BANK | ACCOUNT NUMBER |
|------|----------------|
| CITIBANK NA | 397816626 |

ix) The following bank accounts in the name of Lucmar Solutions Inc.

| BANK | ACCOUNT NUMBER |
|------|----------------|
| BANCO SANTANDER PR | 3004065343 |

All in accordance with Title 18 United States Code, Section 982(a)(1), and Rule 32.2(a)

of the Federal Rules of Criminal Procedure.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

**TRUE BILL**

**JOSE A. RUIZ-SANTIAGO**
Assistant United States Attorney
Chief, Criminal Division

**FOREPERSON**

Date: Nov 9-11

**TIMOTHY HENWOOD**
Assistant United States Attorney
Chief, Narcotics Unit

**CARLOS R. CARDONA**
Assistant United States Attorney